IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVIES INNOVATIONS INC. | § § | |
| Plaintiff, | § § | Case No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| SIG SAUER INC. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff DAVIES INNOVATIONS INC. ("Plaintiff") files this Original Complaint against Defendant SIG SAUER INC., alleging as follows:

### I. THE PARTIES

1. DAVIES INNOVATIONS INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Costa Mesa, California.

2. Upon information and belief, Defendant SIG SAUER INC. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Newington, NH.  Defendant may be served with process by serving National Corporate Research, Ltd. at 800 Brazos, Suite 400, Austin, TX  78701.

### II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent.  Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant has had minimum contacts with the Southern District of Texas, Galveston Division such that this venue is fair and reasonable.

Defendant has committed such purposeful acts and/or transactions in this District that it reasonably should know and expect that it could be hailed into this Court as a consequence of such activity. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the Southern District of Texas.

5. Further, upon information and belief, Defendant manufactures and/or assembles products that are and have been used, offered for sale, sold, and/or purchased in the Southern District of Texas, Galveston Division.  Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that those products will be sold and/or used in the Southern District of Texas, Galveston Division.

6. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.   PATENT INFRINGEMENT

7. On November 9, 2010, United States Patent No. 7,827,722 BA ("the '722 Patent") was duly and legally issued for a "RIFLE."  A true and correct copy of the '722 Patent is attached hereto as Exhibit "A" and made a part hereof.  The inventor of the '722 Patent, Robert B. Davies, was an electrical engineer and a Veteran of the Vietnam War.  Mr. Davies began working at Motorola in 1967, and with the exception of his service with the 11th Armored Cavalry Regiment in Vietnam, was employed there until 1998, receiving the Motorola Patent of Distinction Award in 1997 for U.S. Patent No. 5,155,563.  Upon his departure from Motorola, Mr. Davies founded Advanced Device Design and RF Power Devices, Inc., and pursued numerous inventions related to planar dielectric platform semiconductors and radio-frequency-based devices.  In addition to his work in semiconductors and radio frequency devices, his departure from Motorola allowed Mr.

Davies to pursue his goal to create a more reliable firearm based on the Armalite Rifle ("AR") platform. As a result of his diligence and hard work, he designed and patented aspects of his various inventions, including the inventions of the claims of the '722 Patent. Prior to his untimely passing in October 2012, Mr. Davies was the inventor or co-inventor of more than 80 issued United States Patents.

8. The '722 Patent generally discloses and claims, *inter alia*, a gas-piston driven AR rifle having an upper receiver, a bolt carrier, a barrel, a handguard, and a gas-piston operating system that is at least partially removable by removing a plug in the front of a barrel coupling that serves to redirect gases from the discharge of the weapon to a piston assembly. The gases force the piston assembly rearward, causing a force to be exerted on the bolt carrier, which forces the bolt carrier rearward to eject the spent cartridge casing from whence came the bullet.

9. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '722 Patent, with all rights to enforce it against infringers and to collect damages for all relevant times, including the right to prosecute this action.

10. On information and belief, Defendant, without authority, consent, right, or license, and in direct infringement of the '722 Patent, manufactures, has manufactured, makes, has made, uses, imports, has imported, markets, sells, or offers for sale systems or products that directly infringe one or more claims of the '722 Patent. By way of example only, Defendant's manufacture of the Sig516 and Sig716 model rifles, including at least model numbers R516G2-16B-P, R516G2-16B-P-FDE, R516G2-16B-P-ODG, R516G2-7B-PDW-SBR, R516G2-10B-CQB-SBR, R516G2-14B-CAR-SBR, R516G2-16B-FS-CF, R516G2-16B-TS-CF, R716-16B-P, R716-H18B-DMR, R716-16B-P-FDE, R716-16B-P-ODG, and R716-12B-CQB-SBR infringes at least Claims 1, 3, 5, 6, 8, 9, and 11 of the '722 Patent.

11. Defendant has had knowledge of the '722 Patent and knowledge of its infringement since at least as early as July 19, 2011, when a representative of the late Mr. Davies contacted Defendant regarding infringement of the '722 Patent. Moreover, Defendant's conduct in view of the knowledge of the '722 Patent exhibits the objective recklessness required to show that such infringement was willful, and demonstrates that Defendant continued to sell the accused products despite an objectively high likelihood that its actions constituted infringement of the '722 Patent, and that the objective risk of infringement was either known or so obvious that it should have been known by Defendant.

12. Based upon the foregoing, Defendant's infringement of the '722 Patent has been, and continues to be, willful.

13. Further, upon information and belief, Defendant induces and/or contributes to the infringement of one or more of the claims of the '722 patent by others and is therefore liable for its indirect infringement through the sale of upper assemblies for its Sig516 rifles, shown, for example, at http://store.sigsauer.com/parts/uppers.html. The Sig516 upper assemblies are not a staple good, have all been sold by Defendant since July 19, 2011 with knowledge of the '722 patent, meet all of the statutory criteria for contributory infringement under 35 U.S.C. § 271(c).

14. On information and belief, Defendant possessed a specific intent to induce infringement, as evidenced by, at a minimum, its efforts to sell its Sig516 Upper Assemblies – with full knowledge of both the existence of the '722 Patent and Defendant's infringement thereof by its own directly infringing accused products, and further instructing customers to assemble the Sig516 upper assemblies to the customers' lower assemblies to form a completed rifle in accordance with the asserted claims, shown for example here: https://www.youtube.com/watch?v=O90Is3r8J4A.

15. Plaintiff expressly reserves the right to assert additional claims of the '722.

16. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Based on Defendant's objective recklessness, Plaintiff is further entitled to enhanced damages under 35 U.S.C. § 284.

## IV.  JURY DEMAND

17. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '722 Patent have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment that one or more of the claims of the '722 patent have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced such direct infringement by others;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

     g.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  October 9, 2015.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Jonathan T. Suder
　　　　　　　　　　　　　　　　　　　　State Bar No. 19463350
　　　　　　　　　　　　　　　　　　　　Decker A. Cammack
　　　　　　　　　　　　　　　　　　　　State Bar No. 24036311
　　　　　　　　　　　　　　　　　　　　FRIEDMAN, SUDER & COOKE
　　　　　　　　　　　　　　　　　　　　604 East 4th Street, Suite 200
　　　　　　　　　　　　　　　　　　　　Fort Worth, TX  76102
　　　　　　　　　　　　　　　　　　　　817-334-0400
　　　　　　　　　　　　　　　　　　　　Fax:  817-334-0401
　　　　　　　　　　　　　　　　　　　　jts@fsclaw.com
　　　　　　　　　　　　　　　　　　　　cammack@fsclaw.com

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF